TRINETTE G. KENT (State Bar No. 222020)
KENT LAW OFFICES
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Timothy Moore*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Moore, | Case No: 5:19-cv-00386-JLS-ADS |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| vs. | *Date:* *August 9, 2019* |
| Experian Information Solutions, Inc., and Kevin Jewelers, Inc. | *Time:* *10:30 AM* |
| | *Location:* *Courtroom 10-A* |
| | *Trial Date:* *None Set* |
| Defendants. | *Judge: Hon.* *Josephine L. Staton* |

A Rule 16 Scheduling Conference is scheduled for August 9, 2019, at 10:30 a.m., before the Honorable Judge Josephine L. Staton, and the parties have prepared

1

the following Joint Rule 26(f) Report and Exhibit A pursuant to the Court's Order setting the Rule 16 Scheduling Conference. (*See* Docket No. 22.)

### a. Statement of the Case:

**Plaintiff:** Kevin Jewelers is inaccurately reporting its trade line ("Errant Trade Line") on Plaintiff's Experian credit file. The Errant Trade Line should be reported by Kevin Jewelers as closed and with a $0 past due amount and balance.

The account reflected by the Errant Trade Line was charged off by Kevin Jewelers and sent to a collection agency, The Best Service Company ("the Collection Agency"). Both Kevin Jewelers and the Collection Agency are currently reporting a past due amount and balance on the same debt. By reporting both trade lines with the same delinquent information, it appears that Plaintiff currently owes two debts instead of one. This is inaccurate and misleading. Moreover, Plaintiff's credit score is suffering twice the damage due to this dual negative credit reporting.

On or about March 9, 2018, Plaintiff obtained his Experian credit report (dated February 2018) and noticed the Errant Trade Line reporting inaccurately with a past due amount and balance of $2,952 by both Kevin Jewelers and the Collection Agency. On or about May 1, 2018, Plaintiff submitted a letter to Experian, disputing the Errant Trade Line and collection item. In his dispute letter, Plaintiff explained that the account reflected by the Errant Trade Line was charged off and sent to collections. He further explained that both Kevin Jewelers and the Collection Agency are both

2

reporting a balance and past due amount of $2,952. He asked Experian to report the balance as $0 on the Errant Trade Line. Upon information and belief, Experian forwarded Plaintiff's consumer dispute to Kevin Jewelers. On or about May 25, 2018, Plaintiff received Experian's investigation results, which showed that Experian and Kevin Jewelers failed or refused to update the balance to $0 on the Errant Trade Line. Kevin Jewelers and the Collection Agency are still reporting the same delinquent information for the same account.

**Defendant Experian Information Solutions, Inc.:** Experian denies that it has violated the FCRA relative to this Plaintiff and the reporting of the subject Kevin Jewelers trade line. To the contrary, Experian has utilized reasonable procedures regarding the reporting and reinvestigation of Plaintiff's disputes and, in turn, has fulfilled its duties under the FCRA.

Experian did receive Plaintiff's May 2018 dispute letter and handled the dispute appropriately under the FCRA by sending an ACDV, along with a copy of Plaintiff's dispute, to both Kevin Jewelers and The Best Service Company. Both responded by verifying the information each was reporting. Experian again verified the information with both creditors after the filing of this litigation. It is important to note that while Plaintiff contends these two trade lines represent the same debt, this is not self-evident due to the conflicting information being reported for each trade. Both trades reflect

3

different balances owed, different open dates and a different original delinquency dates.

**\*\*\* Defendant Kevin Jewelers, Inc. has not yet been served.  Plaintiff has been unable to obtain a valid address for service; however, Plaintiff is continuing in his efforts to serve Kevin Jewelers. \*\*\***

**b. Legal Issues in the Case:**

1. Whether the information that Kevin Jewelers furnished to Experian concerning Plaintiff was accurate;

2. Whether Defendants' investigation of any notice of dispute was in compliance with the Fair Credit Reporting Act;

3. Whether Defendants conducted a reasonable investigation under the Fair Credit Reporting Act;

4. Whether Kevin Jewelers maintained reasonable procedures to assure the maximum possible accuracy of the information that it provided to Experian regarding Plaintiff;

5. Whether Defendants maintained reasonable procedures to assure the maximum possible accuracy of the information contained in any consumer report prepared regarding Plaintiff;

6. Whether any failure to conduct a reasonable reinvestigation or maintain reasonable procedures was willful or negligent; and

7. Whether Plaintiff is entitled to recover any damages from Defendant(s).

### c. **Damages:**

Plaintiff is seeking actual damages, statutory damages of up to $1,000, punitive damages for willful violation of the FCRA, reasonable attorneys' fees, and court costs.

### d. **Insurance:**

Plaintiff does not know if Defendants have insurance coverage relative to the matter at hand. Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part of all of any likely judgment which may be entered in this action, or to indemnity or reimburse for payments made to satisfy any likely judgment.

### e. Motions:

The parties do not believe any non-dispositive motions are likely at this time.

### f. Complexity:

The Parties do not believe that all or part of the procedures of the Manual for Complex Litigation should be utilized for this case.

### g. Status of Discovery:

The Parties have not exchanged discovery requests at this time. However, discovery will be served immediately following the Scheduling Conference.

**h. Discovery Plan:**

No changes in the disclosures should be made under Rule 26(a). Discovery will be needed on all allegations, claims, theories of liability, damages, and affirmative defenses alleged in the Complaint and Answers. Discovery should not be conducted in phases or limited to certain subjects.

Plaintiff intends to serve written discovery (interrogatories, requests for production of documents, and requests for admission) and may take the depositions of one or more of Defendants' representatives, including 30(b)(6) depositions of each Defendant. Experian also intends to serve written discovery and will take the deposition of Plaintiff. Experian may also require discovery from third parties such as Kevin Jewelers, The Best Service Company and any entity involved in Plaintiff's claim for damages. The deadline for the completion of fact discovery is **April 17, 2020**.

**i. Expert Discovery:**

1. **Disclosure of Plaintiff's Rule 26(a)(2) Expert Information:** May 1, 2020.

2. **Disclosures of Defendant's Rule 26(a)(2) Expert Information:** May 1, 2020.

3. **Rebuttal Expert Disclosures:** May 29, 2020.

4. **Supplementation under Rule 26(e)(2):** May 29, 2020.

6

    5. **Expert Discovery Cutoff:** June 26, 2020.

**e. <u>Dispositive Motions:</u>**

The parties may file motions for summary judgment on Plaintiff's FCRA claim after the close of discovery. Experian contends such motion may involve claims of accuracy, reasonableness, lack of damages, and lack of willfulness. The Parties propose a deadline of May 1, 2020, to file dispositive motions.

**k. <u>Alternative Dispute Resolution (ADR):</u>**

In the event the Parties cannot resolve this on their own, the Parties agree this case is best suited for mediation with a neutral from the Court Mediation Panel.

**l. <u>Settlement:</u>**

The Parties are engaged in preliminary settlement negotiations and will continue those negotiations.

**m. <u>Preliminary Trial Estimate:</u>**

    1. **Number of Witnesses:** Neither party anticipates calling more than 4 witnesses.

    2. **Length of <u>Jury</u> Trial:** 2-3 days. Plaintiff has requested a trial by jury, and Defendants have not objected.

**n. <u>Trial Counsel:</u>**

    1. Trinette G. Kent, attorney for Plaintiff.

2. Thanh-Thuy T. Luong (and potentially attorney Tamara Fraser if later admitted pro hac vice in this matter), attorney for Defendant Experian Information Solutions, Inc.

**o. Independent Expert or Master:**

At this time, the Parties do not believe this case requires an Independent Expert or Master.

**p. Other Issues:**

The parties will most likely agree to and submit a Stipulated Protective Order for the Court's consideration.

2. Thanh-Thuy T. Luong (and potentially attorney Tamara Fraser if later admitted pro hac vice in this matter), attorney for Defendant Experian Information Solutions, Inc.

**o. Independent Expert or Master:**

At this time, the Parties do not believe this case requires an Independent Expert or Master.

**p. Other Issues:**

The parties will most likely agree to and submit a Stipulated Protective Order for the Court's consideration.

| | | |
|---|---|---|
| 1 | Respectfully Submitted, | Dated: July 23, 2019 |

*/s/Trinette G. Kent*
TRINETTE G. KENT
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
tkent@kentlawpc.com
*Attorney(s) for Plaintiff,
Timothy Moore*

*/s Thanh-Thuy T. Luong*
THANH-THUY T. LUONG
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
Email: tluong@jonesday.com
*Attorneys for Defendant, Experian
Information Solutions, Inc.*

DMSLIBRARY01\13656\045003\33767230.v1-1/28/19